# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

LUIS MARRERO-MARRERO,

    **Petitioner,**

        v.

UNITED STATES OF AMERICA,

    **Respondent**.

CIVIL NO. 17-1498 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Petitioner Luis Marrero-Marrero's ("Petitioner") Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (the "Motion"), Docket No. 1; and the government's Response in Opposition, Docket No. 11. For the reasons set forth below, the Court hereby **DENIES** Petitioner's Motion.

## PROCEDURAL BACKGROUND

On September 24, 2012, a grand jury returned an Indictment charging Petitioner with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1)(A)(ii), 846; and conspiracy to import controlled substances in violation of 21 U.S.C. §§ 952, 960(a)(1), 960(b)(1)(B), 963. Crim. No. 12-685 (JAG), Docket No. 3. On May 8, 2013, a jury trial commenced against Petitioner. Crim. No. 12-685 (JAG), Docket No. 241. On May 10, 2013, the jury found Petitioner guilty of both counts. Crim. No. 12-685 (JAG), Docket No. 253. On August 13, 2013, he was sentenced to a term of imprisonment of 120 months, followed by 5 years of supervised release, and a special monetary assessment of $200. Crim. No. 12-685 (JAG), Docket No. 377. On appeal, the First Circuit affirmed the conviction and sentence. Crim. No. 12-685

(JAG), Docket No. 625; *United States v. Paz-Alvarez*, 799 F.3d 12 (2015). On April 12, 2017, Petitioner

filed a timely motion under 28 U.S.C. § 2255. Docket No. 1; *see* Docket No. 11 at 4.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate, set aside, or correct

his or her sentence by showing that "the sentence was imposed in violation of the Constitution or

laws of the United States, or that the court was without jurisdiction to impose such sentence, or

that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack." However, "[r]elief under this statute is available only in extraordinary

situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental

defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723

F.3d 870, 878-79 (7th Cir. 2013) (citations omitted); *see Knight v. United States*, 37 F.3d 769, 772-73

(1st Cir. 1994).

A motion under § 2255 is not a substitute for a direct appeal. *Foster v. Chatman*, 136 S. Ct.

1737, 1758 (2016). Therefore, "as a general rule, federal prisoners may not use a motion under 28

U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." *Id.* (citations

omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the

petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at

trial or on [direct] appeal." *Bucci v. United States*, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and

citations omitted). If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred

from the Court's review unless "the petitioner can show both (1) 'cause' for having procedurally

defaulted his claim; and (2) 'actual prejudice' resulting from the alleged error." *Id.; see United States

v. Frady*, 456 U.S. 152, 167-68 (1982).

Because Petitioner brings this collateral attack *pro se*, the Court construes his submissions liberally and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "However, pro se status does not insulate a party from complying with procedural and substantive law. The policy behind affording pro se [petitioners] liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (citation omitted). Thus, a *pro se* petitioner is not exempt from having to put forth the "requisite supporting facts" for each element of his or her claim. *See id.*

## ANALYSIS

Petitioner raises a claim of ineffective assistance of counsel, arguing that his appellate counsel failed to adequately develop arguments challenging the district court's rulings on six motions.[1] Docket No. 1 at. 4-5. As a result, the First Circuit found these issues waived, thereby allegedly prejudicing Petitioner. *Id.* The government opposed the Motion, arguing that the six motions were meritless as a matter of law. Docket No. 11. Thus, the government contends, failure to properly challenge these rulings on appeal does not amount to ineffective assistance of counsel. *Id.* Because the Court finds that Petitioner fails to establish that his appellate counsel provided ineffective assistance, Petitioner's Motion must be **DENIED**.

---

[1] The six motions underlying Petitioner's Motion include a motion to dismiss the Indictment alleging perjury before the grand jury; a motion to dismiss the Indictment as "defective at its core;" two motions *in limine* regarding the use of transcripts; a motion requesting a sentence below the statutory minimum; and a motion pursuant to Fed. R. Crim. P. 29. Docket Nos. 1 at 4; 11 at 2-3.

## I. Ineffective Assistance of Counsel

To warrant § 2255 relief, an ineffective assistance of counsel claim requires a showing that (1) "counsel's performance was deficient," and that (2) "the deficient performance prejudiced the defense . . . [so] as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In other words, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," *id.* at 688; and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Failure to satisfy one of the *Strickland* prongs is fatal; therefore, the Court is free to tackle either prong first. *United States v. Caparotta*, 676 F.3d 213, 219-20 (1st Cir. 2012); *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir. 2010). The proper standard for judging attorney performance is that of "reasonably effective assistance," considering the totality of the circumstances. *Strickland*, 466 U.S. at 687-88. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. This analysis "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Furthermore, our precedent imposes "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* As such, "[j]udicial scrutiny of counsel's performance must be highly deferential," *id.*; and "[s]urmounting *Strickland*'s high bar is never an easy task," *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (citations omitted).

Petitioner's Motion asserts that, by failing to sufficiently develop arguments on appeal as to several claims, his appellate counsel caused these claims to be waived, amounting to prejudicial

and constitutionally defective performance. Docket No. 1 at 4. However, an indigent defendant does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Moreover, the First Circuit has repeatedly "upheld counsel's right to ignore frivolous claims pressed by clients." *United States v. Hart*, 933 F.2d 80, 83 (1st Cir. 1991). Here, the Court finds that the claims upon which Petitioner predicates his Motion were meritless and, accordingly, counsel's failure to raise these claims cannot constitute ineffective assistance of counsel. *See United States v. Wright*, 573 F.2d 681, 684 (1st Cir. 1978). The Court will now address each claim in turn.

## II.     Motions to Dismiss

First, Petitioner argues that his appellate counsel's performance was deficient because he failed to properly challenge the district court's denial of two motions to dismiss—one claiming perjury before the grand jury and another claiming that the Indictment was deficient—and that the outcome of his appeal would have been different had his counsel adequately developed these arguments as a reasonable attorney would have. Docket No. 1 at 4-5. The Court disagrees.

Petitioner's first motion to dismiss alleged that an agent involved in the investigation "perjured himself before the Grand Jury; the Government knew or should have known about the perjury and nonetheless allowed it to go forward; and, [the agent's] perjury substantially influenced the grand jury's decision to indict [Petitioner]." Crim. No. 12-685 (JAG), Docket No. 244 at 2. However, Petitioner did not develop this argument nor provide any factual basis for his claim of perjury. Other than attach three pages of the grand jury transcript, Petitioner failed to explain how or why the transcript demonstrated perjured testimony, nor has the Court found sufficient basis in the record to substantiate the allegation of perjury.

As to the motion to dismiss based on the Indictment's alleged deficiency, the First Circuit has held that "[a]n indictment is legally sufficient if it first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Berk*, 652 F.3d 132, 137 (1st Cir. 2011) (citation omitted). In a drug conspiracy case, an indictment will be sufficient if it contains the crime(s) charged, the time period and general location of the conspiracy, the drug quantities involved, and the names of the alleged co-conspirators. *See generally United States v. Nelson-Rodriguez*, 319 F.3d 12, 30-31 (1st Cir. 2003); *United States v. Hallock*, 941 F.2d 36, 39-41 (1st Cir. 1991); *United States v. Paiva*, 892 F.2d 148, 154-55 (1st Cir. 1989). Here, the Indictment charged Petitioner with knowingly and intentionally conspiring with others to import into Puerto Rico and to possess with intent to distribute five kilograms or more of cocaine from 2009 to 2012. Crim. No. 12-685 (JAG), Docket No. 3. The Indictment named twelve alleged co-conspirators, provided a time period and location for the conspiracy, listed the elements of the crimes charged, and the drug quantities involved. *Id.* Therefore, the Indictment was legally sufficient.

Accordingly, counsel's failure to adequately challenge the denials of the motions to dismiss, which were meritless as a matter of law, cannot serve as the basis for an ineffective assistance of counsel claim.

### III.    Motions *in Limine*

Petitioner's Motion also relies on his appellate counsel's failure to sufficiently challenge the district court's denial of two motions *in limine* regarding the use of certain transcripts at trial. Docket No. 1 at 4-5. The Court finds that failure to raise these issues on appeal does not amount to deficient performance and, in any case, did not cause actual prejudice to Petitioner.

At trial, Petitioner requested the exclusion of three government-prepared transcripts of audio recordings entered into evidence, arguing that the transcripts suffered from various problems such as inadequate identification of the speaker, audible portions that had not been transcribed, and inadequate translation. Crim. No. 12-685 (JAG), Docket No. 231 at 1-2. In response, the Court specifically instructed the jury on the proper use of transcripts, stating that "what is received in evidence is the conversation, the recording . . . the transcript will never be in evidence. They're going to be just an aid." Crim. No. 12-685 (JAG), Docket No. 484 at 66-67.[2] Therefore, the Court properly instructed the jury that the transcripts did not constitute evidence. Because the issue was properly addressed by the Court, counsel's failure to raise it on appeal does not constitute deficient performance. Furthermore, Petitioner fails to argue—and the Court fails to see—how the district court's ruling or counsel's failure to properly raise this argument on appeal were prejudicial to his defense.

---

[2] In full, the Court instructed the jury as follows:

> Ladies and gentlemen, let me say something about [the transcripts]. Whenever we receive a recorded conversation under Federal law, whether it's in a boat or in a house or over the telephone, whatever it may be, what is received in evidence is the conversation, the recording. If you can hear and understand the words, fine. If there is something you don't understand, that's it. A transcript is prepared usually by the proponent of the recording to assist you, the jury, and the Court in listening to the transcript. But if there is any discrepancy between what you can understand and what the transcriber wrote on the transcript, of course you know that what controls is the recording. So if something comes out garbled, unintelligible, that you cannot really understand what it says, and the transcriber put in a word or something, of course you know that that is not it. It's what you heard. If you can understand it, fine. If you cannot understand it, too bad. Simple as that, okay? So the transcript will never be in evidence. They're going to be just an aid. An aid.

Crim. No. 12-685 (JAG), Docket No. 484 at 66-67.

IV.    **Motion for a Sentence below the Statutory Minimum**

Petitioner further claims that his appellate counsel was ineffective for failing to adequately challenge the denial of his motion for a sentence below the statutory minimum, which argued that the minimum sentence was "grossly disproportionate" and, thus, "in violation of the Eight Amendment." Docket No. 1 at 4-5; Crim. No. 12-685 (JAG), Docket No. 363 at 1. However, a district court has no power to sentence below a mandatory minimum unless the defendant provides substantial assistance to the prosecution, 18 U.S.C. § 3553(e); or satisfies the requirements of the safety valve provision, *id*. § 3553(f). None of these exceptions were applicable to Petitioner's case. Because this argument was without merit, counsel was not deficient for failing to adequately appeal this issue nor was that failure prejudicial to Petitioner.

V.    **Rule 29 Motion**

Petitioner also contends that his counsel's failure to adequately challenge the district court's denial of his motion pursuant to Fed. R. Crim. P. 29 amounts to deficient and prejudicial performance. Docket No. 1 at 4-5. Petitioner's allegations are contrary to the record.

On appeal, the First Circuit found that the evidence presented at trial was sufficient to sustain Petitioner's conviction. *Paz-Alvarez*, 799 F.3d at 28 n.16. Specifically, the First Circuit stated that

> A reasonable jury could have found that [Petitioner] was not "indifferent" to the conspiracy but was, rather, a member of it. The jury could have determined that [Petitioner] "ma[d]e it his own," by building secret compartments that he knew would advance the conspiracy's objectives of smuggling cocaine for distribution while avoiding police detection. [Petitioner] further demonstrated his intent to join the conspiracy by agreeing to join [a co-conspirator] on the drug run. Although he later changed his mind and did not go on the drug run, his initial agreement would nevertheless support a reasonable jury's conclusion that he was a member of the conspiracy.

*Id.* (citations omitted). Because the First Circuit resolved the Rule 29 issue against Petitioner, this cannot be used to sustain a § 2255 claim. *See Foster*, 136 S. Ct. at 1758 ("[A]s a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal.") (citations omitted).

## VI.    Cumulative Error

Finally, Petitioner's counsel raised a cumulative error claim on appeal, which the First Circuit deemed waived for lack of development. *Paz-Alvarez*, 799 F.3d at 31. While Petitioner's counsel should have properly developed all arguments he wished to raise on appeal, none of these failures amounted to deficient performance or cause actual prejudice and, therefore, the Court similarly rejects Petitioner's argument that failure to properly substantiate the cumulative error claim constitutes ineffective assistance of counsel.

## CONCLUSION

For the reasons stated above, the Court finds that Petitioner failed to establish ineffective assistance of counsel and, thus, his Motion is hereby **DENIED**.

## CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal, because there is no substantial showing of a denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

In San Juan, Puerto Rico, Wednesday, November 20, 2019.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge